FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 09 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

NELLA MANKO,

              Plaintiff,

  -against-

MARC FINKELSTEIN, individually
and in his official capacity
as Justice of the Civil Court
(Housing Part) of Kings County;
SABRINA B. KRAUS, individually
and in her official capacity
as Justice of the Civil Court
(Housing Part) of Kings County;
KINGS COUNTY CIVIL COURT OF THE
CITY OF NEW YORK (HOUSING PART);
ADMINISTRATIVE JUDGE, individually
and in her/his official capacity
as Administrative Justice of the Civil
Court (Housing Part) of Kings County,

              Defendants.
———————————————————————X

**MEMORANDUM
AND ORDER
11-CV-5054 (KAM)(LB)**

**MATSUMOTO, United States District Judge:**

      On October 14, 2011, *pro se* plaintiff Nella Manko, filed this action pursuant to 42 U.S.C. § 1983 alleging that defendants violated her constitutional rights during the course of two cases pending in Kings County Civil Court Housing Part, Index Numbers 72359/2008 and 94458/2008. Plaintiff seeks (i) an order directing Judge Finkelstein to recuse himself; (ii) an order vacating all orders issued by Judge Finkelstein; (iii) an order correcting the records maintained by the Kings County Civil Court Housing Part; and (iv) damages in the amount of

1

$300,000. By Order dated November 17, 2011, plaintiff's motion to proceed *in forma pauperis* was denied because plaintiff's financial statement did not support a finding of indigency, and she was directed to pay the filing fee within fourteen (14) days. (*See* ECF No. 4, Order dated 11/17/2011 at 2, 4.) The Order further stated that even if she paid the filing fee, the action would be dismissed on the bases set forth in the court's Order. (*Id.* at 2-4.) On December 1, 2011, plaintiff filed a motion which the court liberally construes as a motion for reconsideration of the court's November 17, 2011 Order.[1] (*See* ECF No. 5, Notice of Motion, filed 12/1/2011.)

Reconsideration of a previous order by the court is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Cordero v. Astrue*, 574 F. Supp. 2d 373, 379-80 (S.D.N.Y. 2008) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "A motion for reconsideration

---

[1] In her motion, plaintiff seeks leave to reargue her application to proceed without paying a filing fee, and to proceed *in forma pauperis*. (*See* ECF No. 5, Notice of Motion, filed 12/1/2011.)

may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461 (S.D.N.Y. 2001).

Having reviewed plaintiff's motion, the court finds that there is no basis for reconsideration of the court's previous Order. Plaintiff has failed to point to any error of law or facts in the record that the court overlooked or any change in governing law that would alter the conclusions reached in the November 17, 2011 Order. Moreover, the court does not find that reconsideration is warranted due to newly available evidence or to prevent manifest injustice.[2] Accordingly, plaintiff's motion to reconsider the court's November 17, 2011 Order denying her motion to proceed *in forma pauperis* is denied.

Plaintiff is afforded an additional ten (10) days from the date of this Order to pay the filing fee of $350 to the Clerk of Court of the Eastern District of New York. If plaintiff fails to submit the filing fee within the time allowed, the action will not be filed.

---

[2] The court notes that plaintiff has paid the filing fee in her two other actions pending in this court. *See Manko v. Steinhardt*, No. 11-CV-5103 (KAM)(LB) (E.D.N.Y.); *Manko v. Steinhardt*, No. 11-CV-5430 (KAM)(LB) (E.D.N.Y.).

Plaintiff is again given notice, however, that even if she pays the fee, this action will be dismissed as set forth in the court's November 17, 2011 Order.[3]

The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Order on plaintiff and to note such service on the docket.

**SO ORDERED.**
Dated:    January 9, 2011
          Brooklyn, New York



/S/

_____
**Kiyo A. Matsumoto**
United States District Judge
Eastern District of New York

---

[3] Plaintiff also seeks leave to amend her Amended Complaint "to supplement <u>JURISDICTIONAL BASIS</u> stating that the Court has jurisdiction of this action under 42 U.S.C. § 1983 because 'declaratory relief was unavailable.'" (ECF No. 5-1, Affidavit in Support of Motion, filed 12/1/2011, ¶ 11 (emphasis in original).) A district court must liberally construe a pro se complaint, Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006) (per curiam), and generally should not dismiss a pro se complaint without granting the plaintiff leave to amend, see Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, leave to amend is not necessary when it would be futile. See id. (finding that leave to replead would be futile where the complaint, even when read liberally, did not "suggest[] that the plaintiff has a claim that she has inadequately or inartfully pleaded and that she should therefore be given a chance to reframe"). Here, plaintiff does not indicate how further amendment would permit her to cure the deficiencies in the Amended Complaint. Further, any attempt to further amend the Amended Complaint would be futile because plaintiff's claims are barred pursuant to the Rooker-Feldman doctrine and the doctrines of judicial and sovereign immunity, as stated in the court's November 7, 2011 Order.